IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JAMES PENN,

    Petitioner,

vs.                                             Case No. 4:11cv181-SPM/WCS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.

                                /


## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

Petitioner Penn filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.

I entered an order noting that the sole ground for relief was that the evidence used against Petitioner was obtained in an unconstitutional search of the car he was driving, but I could not tell (from the form petition) whether he raised the claim in state court.  Doc. 5 (incorporated herein by reference), p. 1.  I informed Petitioner that his Fourth Amendment claim was not cognizable under § 2254 if he had had the opportunity for full and fair litigation of his claim in state court.  *Id.*, p. 2 (collecting cases).  If he did not litigate the claim in state court, I noted a number of potential claims

and how Petitioner could exhaust state remedies as to such claims.  *Id.*, pp. 2-3.  The order concluded that "either Petitioner raises a claim which is not cognizable under § 2254, or is not yet exhausted.  *Either way the petition should be summarily dismissed.*"  *Id.*, p. 3 (emphasis added).  Petitioner was directed to file a notice of voluntary dismissal and the petition would be dismissed without prejudice, or alternatively to argue why his petition case should not be dismissed, but advised that "this may only result in further delay (and allow more of the one year period [to file a § 2254 petition] to elapse)."  *Id.*

Petitioner filed a reply arguing that his petition should not be dismissed, and explaining that he is raising the same claim he asserted on appeal.  Doc. 6, p. 1.  He reiterates that he was searched and arrested in violation of the Fourth Amendment, and asks that the § 2254 petition be granted.  *Id.*, p. 2.  Included with the reply are exhibits, filed as doc. 6-1 in ECF (Electronic Case Filing).  Attachments include the order denying the motion to suppress, the mandate of March 25, 2011, and the affirmance of March 9, 2011.  Doc. 6-1, pp. 7-9, 19-20.  The appellate court's decision was mailed to Petitioner with a letter dated March 10, 2011, explaining the result and further advising of the time limits for seeking relief under Fla.R.Crim.P. 3.850 and for filing a federal habeas corpus petition.  Doc. 6-1, pp. 16-17.

Petitioner has been clearly advised of potential remedies, time limits, and that if he had the opportunity for full and fair litigation of this particular claim he was not entitled to § 2254 relief.  Yet Petitioner persists in seeking relief on this ground.  The § 2254 petition, bringing a Fourth Amendment search claim, should be denied on the merits.

Pursuant to § 2254 Rule 11(a), the court must issue or deny a certificate of appealability when entering a final order adverse to a § 2254 petitioner.  It is recommended that the court deny a certificate of appealability in its final order, as there is no substantial showing of the denial of a constitutional right.  § 2253(c)(2).  If Petitioner files objections to this recommendation he shall also address whether a certificate of appealability should issue.  § 2254 Rule 11(a).

It is therefore respectfully **RECOMMENDED** that the § 2254 petition, seeking relief from the judgment of the Second Judicial Circuit, Leon County, case number 2008-CF-4249, be **DENIED WITH PREJUDICE**, and that a certificate of appealability be **DENIED** pursuant to § 2254 Rule 11(a).

**IN CHAMBERS** at Tallahassee, Florida, on August 29, 2011.  .


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.